Duplicated original

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

JOSUE AUGUSTE #260549
PETITIONER
    V.
STRANGE et. al.
RESPONDENT

DOCKET#
3:02CV1922(R.N.C)

## COMPLAINT FOR INJUNCTIVE RELIEF ILLEGAL DETNTION.

NOW COMES THE PETITIONER(JOSUE AUGUSTE) FURTHER KNOWN AS THE PETITIONER DO HEREBY PETITIONS THIS HONORABLE COURT TO REMEDY HIS UNLAWFUL DETENTION AND TO ENJOIN HIS CONTINUED UNLAWFUL DETENTION BY THE RESPONDENTS. IN SUPPORT OF THIS PETITION AND COMPLAINT FOR INJUNCTIVE RELIEF; PETITIONER ALLEGES AS FOLLOWS

(1) PETITIONER IS IN THE CUSTODY OF THE IMMIGRATION AND NATURALIZATION SERVICE(PHYSICAL) I,N.S DISTRICT DIRECTOR OF CONNECTICUT. HE IS DETAINED AT OSBORN CORRETIONAL INSTITUTE IN SOMERS CONNECTICUT. RESPONDENT I.N.S HAS CONTRACTED WITH OSBORN CORRECTIONAL TO HOUSE IMMIGRATION DETAINEES SUCH AS THE PETITIONER.

(2) THIS ACTION ARISES UNDER THE CONSTITUTION OF THE UNITED STATES, AND THE IMMIGRATION AND NATIONALITY ACT("INA"), 8 U.S.C §1101 et seq., AS AMENDED BY THE ILLEGAL IMMIGRATION REFORM AND RESPONSIBILITY ACT OF 1996 (IIRIRA) PUB. L. NO. 104-208, 110 STAT. 1570 AND THE ADMINISTRATIVE PROCEDURE ACT("APA"), 5 U.S.C §701 ct seq THIS COURT HAS JURISDICTION UNDER 28 U.S.C §2241, art.I§9 CL.2 OF THE UNITED STATES CONSTITUTION ("SUSPENSION CLAUSE"), AND 28 U.S.C § 1331, AS THE PETITIONER IS PRESENTLY IN CUSTODY UNDER COLOR OF THE AUTHORITY OF THE UNITED STATES, AND SUCH CUSTODY IS IN VIOLATION OF THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES. see ZADVYDAS V. DAVIS, 533 U.S 678, 121 S.CT491(2001). THIS COURT MAY GRANT RELIEF PERSUANT TO 28 U.S.C § 2241, 5 U.S.C § 702, AND THE ALL WRITS ACT 28 U.S.C §1651

### VENUE

VENUE LIES IN THE UNITED STATES DISRICT COURT FOR THE DISTRICT OF CONNECTICUT THE JUDICIAL DISTRICT IN WHICH THE PETITIONER RESIDES 28 U.S.C §1391(e).

### PARTIES

February 18, 2004.  Auguste v. Strange; 3:02CV1922 (RNC)

Re: Motion for Writ of Habeas Corpus [Doc.# 20]

Denied. Petitioner's complaint for injunctive relief attacks the legality of his detention by the respondent and therefore is construed as a motion for writ of habeas corpus. The motion raises identical claims as those asserted in his habeas petition currently pending before Court of Appeals for the Second Circuit [Doc. # 14] and therefore must be dismissed. See 28 U.S.C § 2243. So Ordered.

Robert N. Chatigny, U.S.D.J.